Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 285 | **DATE** | 8/6/2001 |
| **CASE TITLE** | GANO MITCHELL vs. MARK A. PIERSON, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petition for issuance of a writ under the All Writs Act is denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 08 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 21 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| sb | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG -7 PM 5:39 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GANO MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 01 CV 285 |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| MARK A. PIERSON, Warden, ) | |
| ) | |
| ) | DOCKETED |
| Respondent. ) | |
| | AUG 0 8 2001 |

## MEMORANDUM OPINION AND ORDER

Petitioner seeks to set aside and vacate the 25-year extended term portion of his state sentence for murder and armed robbery pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

## BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). There is no evidence before this court to rebut this presumption. Accordingly, the court adopts the Illinois Appellate Court's statement of facts. *See* Respondent's Brief ("Resp. Br.") Ex. B., *People v. Mitchell*, 1-93-0777 (August 19, 1994) (unpublished). In 1992, Mitchell was convicted of the murder and armed robbery of William Hudson following a bench trial in the Circuit Court of Cook County, Illinois. Mitchell was sentenced to an extended term of 50 years imprisonment. Mitchell then filed a timely notice of appeal. He was represented by a public defender who moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Mitchell

-1-



responded to that motion and raised the following issues: (1) the State failed to prove his guilt beyond a reasonable doubt; (2) the trial court erred in denying his motion for a directed finding; (3) the trial court erred in denying codefendant Gail Elfreeze's motion for a directed finding, thereby precluding her from testifying at trial; (4) the trial court committed reversible error when it convicted Mitchell and acquitted his codefendant; (5) the trial court erred in ignoring his motion for severance; and (6) the trial court erred in allowing hearsay testimony from Detective George Tracy. On August 19, 1994, the Illinois Appellate Court issued an unpublished decision granting the public defender's leave to withdraw, and affirming Mitchell's conviction. Mitchell filed a *pro se* petition for leave to appeal to the Illinois Supreme Court on October 20, 1994. In that petition, Mitchell generally raised the same arguments that were advanced in his brief to the appellate court. On December 6, 1994, the Illinois Supreme Court summarily denied the petition for leave to appeal.

Mitchell filed this petition pursuant to the All Writs Act, 28 U.S.C. § 1651(a). In this petition, Mitchell raises two main issues. First, Mitchell argues that he was never informed by the court or his trial attorney of his constitutional right to have a jury determine whether he should receive an extended sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner's Brief ("Pet. Br.") at 9-10. Second, he asserts that the extended term portion of his sentence is void pursuant to the United States Supreme Court's holding in *Apprendi*. *Id.* at 10-15. Specifically, he contends there was no evidence of the aggravating factor that led to the extended term – that he shot the victim in the back – and that such an act does not constitute heinous behavior. *Id.* at 13. In both his appeal to the Illinois Appellate Court and his leave to appeal to the Illinois Supreme Court, Mitchell failed to raise any of these issues that he now brings before this court. Respondent Mark A. Pierson ("the state") moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1),

the statute of limitations provision enacted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Additionally, the state argues that Mitchell's present claims are procedurally defaulted, and that they are based on a new rule of constitutional law not yet deemed retroactively applicable on collateral review.

## DISCUSSION

### I. The All Writs Act

Mitchell bring his petition under 28 U.S.C. § 1651(a), the All Writs Act, which provides that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In bringing this petition under § 1651(a), Mitchell contends he is not subject to the provisions of the AEDPA. According to Mitchell, this excuses him from the statute of limitations provisions contained in 28 U.S.C. § 2244(d)(1) and the exhaustion of state remedies requirement in 28 U.S.C. § 2254(b)(1). However, § 1651(a) cannot serve as a substitute for a writ of habeas corpus when the relief and the ground on which it is sought are normally addressed in a petition for habeas corpus. *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998); *see also Cooper v. United States*, 199 F.3d 898, 901 (7th Cir. 1999). Section 2241(d)(1)'s statute of limitations applies to every application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2001). "Persons still in custody must look to § 2254 and § 2255 for relief; they cannot use §1651(a) to escape statutory restrictions on those remedies." *Id.* In fact, as the court noted in *Owens*, the All Writs Act has even less to offer prisoners like Mitchell because petitions under the Act are limited to former prisoners who seek to

escape the collateral civil consequences of their wrongful convictions. *Id.* Accordingly, the court must treat Mitchell's petition as a petition for a writ of habeas corpus under § 2254.

## II. Exhaustion of State Remedies

A habeas corpus petitioner has exhausted all of his state remedies when (1) he presents his claims to the highest state court for a ruling on the merits, or (2) no state remedies remain available to the petitioner at the time his federal habeas petition is filed. 28. U.S.C. § 2254(B)(1); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Mitchell argues that he exhausted his state remedies by appealing his conviction to the Illinois Appellate Court and by petitioning for leave to appeal to the Illinois Supreme Court. Mitchell also contends that any applicable Illinois remedy is now time-barred. Pet. Br. at 4. Indeed, the state concedes that no state remedies are available to Mitchell. Resp. Br. at 5. Additionally, the Seventh Circuit generally does not consider a failure to invoke the Illinois post-conviction relief process as a failure to exhaust remedies in state court. *Cawley v. DeTella*, 71 F.3d 691, 684 (7th Cir. 1995). Therefore, Mitchell has satisfied the exhaustion requirement because he has no available state remedies.

## III. Statute of Limitations

The AEDPA amended 28 U.S.C. § 2244 and placed a one-year statute of limitations on the filing of a habeas corpus petition. The statute provides, in relevant part, that the one-year statute of limitations begins to run on:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review[.]

-4-

28 U.S.C. § 2224(d)(1).

When no petition for a writ of certiorari is filed with the Supreme Court, a judgment becomes final when the time for filing the petition expires. 28 U.S.C. § 2244(d)(1)(A); *United States v. Haws*, No. 00 C 3997, 2000 WL 1508242, at *2 (N.D. Ill. Oct. 6, 2000). Under Supreme Court Rule 13, the time for filing expires 90 days after entry of the judgment to be reviewed. Therefore, the judgment in Mitchell's case became final, and the statute of limitations began to accrue on March 6, 1995, 90 days after the Illinois Supreme Court denied Mitchell leave to appeal on December 6, 1994. However, in applying § 2244(d)(1)'s statute of limitations period, every petitioner has the benefit of a full year from the effective date of the AEDPA (April 24, 1996), even if the conviction occurred before the effective date of the Act. *Cooper*, 199 F.3d at 900; *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). Thus, in Mitchell's case the statute of limitations expired on April 23, 1997.

Section 2244(d)(1)(C) is not applicable. That limitations period only applies if the constitutional right asserted was made retroactive on collateral review by the Supreme Court. The Supreme Court has not declared that *Apprendi* applies retroactively on collateral review. *Talbott v. Indiana*, 226 F.3d 866, 868 (7th Cir. 2000); *see also United States ex rel. Chester Brown v. Briley*, No. 01 C 2673, 2001 WL 558043, at *3 (N.D. Ill. May 21, 2000) (statute of limitations in § 2241(d)(1)(C) inapplicable because the Supreme Court has not declared *Apprendi* retroactively applicable to cases on collateral review). Therefore, Mitchell's filing of his petition is time-barred.

The AEDPA one-year statute of limitations is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Under this doctrine, Mitchell's failure to file his habeas petition within the limitations period may be excused only if he shows that he "could not, despite the exercise

-5-

of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Id* at 597-98. In other words, "[e]xtraordinary circumstances far beyond the litigant's control must have prevent timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is granted sparingly. *Id.* (citing Irwin *v. Dept. of Veterans Affair*, 498 U.S. 89, 96 (1990)). Mitchell waited almost seven years after the denial of his petition for leave to appeal to the Illinois Supreme Court to bring his habeas petition in federal court. He has not identified any conditions that entitle him to equitable tolling. Mitchell possessed all the information raised in his habeas petition prior to the expiration of the statute of limitations. Moreover, Mitchell has not alleged any circumstances beyond his control that prevented him from timely filing this petition within the limitations period. It is an insufficient justification that the United States Supreme Court decided *Apprendi* on June 26, 2000, after expiration of the limitations period. "[T]he foundation of Apprendi was laid long before 1992." *United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001). The fact that the Supreme Court had not ruled on the issue in *Apprendi* does not prevent a litigant from filing a petition within the limitations period and raising that issue himself. Therefore, Mitchell's petition for habeas corpus is time-barred pursuant to § 2244(d)(1)(A).

### IV. Procedural Default

Even if Mitchell had satisfied the statute of limitations, his petition fails because he has procedurally defaulted. Mitchell admits that he did not raise the claims in this petition on direct appeal to the Illinois courts. *See* Pet. Br. at 18. If the petitioner has defaulted, a federal court reviewing a habeas petition cannot reach the merits of the claims unless the petitioner demonstrates either: (1) good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or (2) that the district court's refusal to consider the claims would

lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The "cause and prejudice" standard is more rigorous than the "plain error" standard used on direct review. *United States v. Frady*, 456 U.S. 152, 170 (1982).

Good cause normally requires a showing of some external objective impediment to the petitioner's presentation of his claim, such as the unavailability of the factual or legal bases for a claim, or interference by state officials. *Murray v. Carrier*, 477 U.S. 478, 485-87 (1986). Mitchell asserts that he has good cause for his failure to raise the *Apprendi* issues on direct appeal because *Apprendi* was decided long after his direct appeals were completed. "The lack of precedent for a position differs from 'cause' for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration." *Smith*, 241 F.2d at 548. Cause can be established when there is no reasonable basis for an argument. However, "[o]ther defendants have been making *Apprendi*-like arguments ever since the Sentencing Guidelines came into being, and in *McMillian v. Pennsylvania*, 477 U.S. 79, 106 S. Ct. 2411, 91 L.Ed.2d 67 (1986), the Court addressed on the merits an argument on similar lines." *Id.* Mitchell himself recognizes this notion when he states in his brief, "[t]he decision announced by Apprendi is not new, indeed it comes on the heels of Jones, supra, and a lineage of cases going back centuries." Pet. Br. at 20. Therefore, Mitchell is unable to demonstrate good cause for his procedural default.

A petitioner may show prejudice by demonstrating that there is a reasonable possibility the claimed constitutional violation adversely affected the outcome of the trial or appeal. *Strickland v. Washington*, 466 U.S. 688, 695 (1984). Mitchell must show not only that the alleged errors created the possibility of prejudice, but they worked to his actual and substantial disadvantage, infecting the

entire trial with errors of constitutional dimensions. *Murray*, 477 U.S. at 494. Mitchell's *Apprendi* claims do not rise to this standard.

Absent cause and prejudice, a federal court may review a defaulted claim only if a fundamental miscarriage of justice is involved. This occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96. Mitchell does not claim that he is actually innocent of the murder and armed robbery charges. Therefore, no fundamental miscarriage of justice will result by the application of the procedural default rule. Consequently, Mitchell's claim is procedurally defaulted and the court cannot address the merits of his claim.

## V. Application of *Apprendi*

Even if Mitchell survived the statute of limitations and procedural default hurdles, to the extent that his petition for habeas corpus is based on *Apprendi*, the petition is misfounded. "*Apprendi* does not state that it applies retroactively to other cases on collateral review." *Talbott*, 226 F.3d at 869. In order for a new rule of law to apply retroactively, the Supreme Court must explicitly declare this intention. *Id.* at 868; *see also Garrott v. United States*, 238 F.3d 903 (7th Cir. 2001) (declining to apply *Apprendi* retroactively in a § 2255 case); *Rodriguez v. United States*, No. 00 C 2725, 2001 WL 863581 (N.D. Ill. July 13, 2001) (same). Accordingly, Mitchell cannot rely on *Apprendi* on collateral review in his petition for a writ of habeas corpus.

## CONCLUSION

The petition for issuance of a writ under the All Writs Act is denied.

August 6, 2001                                    ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge